## DYE v LUCK

Ohio Appeals, 9th Dist, Summit Co.

No. 3022.   Decided Oct. 11, 1938.

Ferbstein & Sicherman, Akron, for appellee.

Louis L. Manes, Akron, for appellant.

490

## OPINION

By WASHBURN, J.

Suit was begun by Sadie I. Dye against Jack K. Luck by filing a petition or complaint in the Municipal Court of Akron on an account, the items of which account set forth only monthly rental for certain premises, and one credit item of one month's rent paid. No other dealings between the parties were disclosed by said petition.

Said Luck filed a general denial to the complaint.

The cause came on to be tried before a municipal court judge on November 12, 1937, there being no demand for a jury.

Evidence was offered tending to prove that the only claim that Dye had against Luck was one based on a lease for three years, which was signed not by Sadie I. Dye but by J. C. Dye, and which was claimed to have been signed by Jack K. Luck in pursuance of negotiations had between him, and J. C. Dye as owner—there being no disclosure that J. C. Dye was acting as agent for anyone.

Sadie I. Dye offered evidence tending to prove that J. C. Dye entered into the contract of lease as her agent, and that she was an undisclosed principal. She also offered the lease in evidence. Objections were made to the introduction of such evidence, and the court continued the case, suggesting to counsel that if Sadie I. Dye was depending upon her rights as an undisclosed principal, she ought to file a pleading which would disclose her real cause of action.

The cause came on to be tried again on January 18, 1938, no further pleadings having been filed, and counsel for Luck, still insisting upon his objection to the introduction of said lease in evidence, or of any evidence tending to prove that Sadie I. Dye was an undisclosed principal, the court directed counsel for Sadie I. Dye to prepare and file an amended petition or complaint setting forth appropriate allegations in reference to Mrs. Dye's claim as an undisclosed principal.

Counsel prepared a tentative draft, and the court announced that it should be considered as filed and that the trial should proceed.

Counsel for Luck asked for a continuance and time to file an answer to meet the new issue thus introduced into the case, and also claimed the right, when that issue was finally joined, to demand a jury to try the issues.

The court denied such application and announced that it would consider that Luck had filed a general denial; and, over the protests and objections of counsel for Luck, required the case to be tried, and, during the trial, admitted, over the objection of counsel for Luck, said lease, and also evidence concerning the agency of J. C. Dye and the execution of the lease; and a few days after the conclusion of the trial, the amended petition was filed, as was required by the court, and also the answer. which, in addition to a general denial upon which the case was tried, alleged that defendant's signature to the lease was obtained by fraud. The court found in favor of Sadie I. Dye.

A consideration of the record and the law applying thereto leads us to the conclusion that the complaint of Mrs. Dye, as originally filed, was not one which could be presented by an action on an account, and that the evidence offered disclosing her real complaint was not competent at all under the original complaint.

We hold further that the proceedings of the court of January 18, 1938, were not a continuance of the trial of the case begun on November 12, 1937, but constituted a trial upon an amended complaint setting forth an entirely different cause of action; that Luck had a right to have time to prepare an

appropriate answer to such amended complaint; and that the court abused its discretion in not giving to him that right.

We also hold that, when the issues were joined on the new cause of action in obedience to peremptory orders of the court, Luck had a right to demand a jury within the time fixed by the rules of the court, and that the court in denying him such right committed prejudicial error.

Luck had no opportunity to test the sufficiency of the amended petition upon which the case was tried. nor to prepare and file an answer of his own choice, nor to have a trial by jury upon the question of whether his signature was obtained by fraud.

For the guidance of court and counsel, we express the opinion that the subject of an account has no relation to the cause of action, if any, which Sadie I. Dye has against Luck, and that it has no place in the pleadings—the cause of action, if any, being upon the lease; that Sadie I. Dye should file an amended petition which will reveal instead of conceal her real complaint; and that Luck should be permitted to file such an answer as he desires and have the right to demand a jury trial.

For errors and irregularities in the proceedings of the trial court which prevented Luck from having a fair trial, the judgment is reversed, and the cause remanded with instructions to give to Sadie I. Dye the right to elect whether to stand upon her amended petition or file another amended petition. to permit Luck to file such an answer as he desires, and for further proceedings according to law.

STEVENS, PJ. and DOYLE, J., concur.